IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THOMAS K. GIPSON,<br>　　　　Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST<br>COMPANY *as Trustee for Morgan Stanley<br>Ixis Real Estate Capital Trust 2006-1,<br>Mortgage Pass Through Certificates, Series<br>2006-1, et al.*,<br>　　　　Defendants. | §<br>§<br>§<br>§    Civil Action No. 3:13-CV-4820-L (BH)<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the order of reference dated December 20, 2013, this case was referred for pretrial management. Based on the relevant filings and applicable law, the plaintiff's claims against the remaining two defendants should be **DISMISSED** for failure to serve them within 120 days.

**I. BACKGROUND**

This case involves the attempted foreclosure of real property located at 909 Knollwood Drive, Desoto, Texas 75115 (the Property). (*See* Orig. Compl. (doc. 1-2) at 11.)[1] On November 27, 2013, Thomas K. Gipson (Plaintiff) filed this *pro se* lawsuit against Deutsche Bank National Trust Company, as Trustee for Morgan Stanley Ixis Real Estate Capital Trust 2006-1, Mortgage Pass Through Certificates, Series 2006-1 (Deutsche Trust Co.); Mortgage Electronic Registration Systems, Inc. (MERS); Wells Fargo Bank, N.A. (Wells Fargo); Barrett, Daffin, Frappier, Turner & Engel, LLP (BDFTE); First NLC Financial Services, LLC (First NLC); Deutsche National

---

[1]    Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Bank (Deutsche); and "America's Servicing Company" (ASC)[2] in state court. (*See id*. at 9–37.) Wells Fargo removed the action to federal court based on federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332 on December 10, 2013. (doc. 1.) After being granted leave, Plaintiff filed a first amended complaint on May 1, 2014, naming the same defendants as his original petition in state court. (doc. 25). BDFTE moved to dismiss Plaintiff's claims against it on May 2, 2014 (doc. 26), and Deutsche Trust Co., Wells Fargo and MERS filed their motion to dismiss on May 19, 2014 (doc. 28.) It has been recommended that both motions be granted. (*See* docs. 34, 36.)

The notice of removal reflects that First NLC and Deutsche had not been served prior to removal of the case. The plaintiff failed to file a valid return of service on the defendants within 120 days of the filing of his amended complaint on May 1, 2014. Neither defendant has appeared. By order dated January 8, 2015, Plaintiff was ordered to show cause in writing no later than January 16, 2015, for his failure to comply with the service requirements of Rule 4 as to the defendants. (*See* doc. 37.) The order expressly stated that if Plaintiff failed to comply with its terms by filing a valid return of service as to these defendants or by showing good cause in writing why service could not be timely made, dismissal of the case would be recommended without further notice. (*Id.*) Plaintiff failed to time respond or file anything else.

## II.  ANALYSIS

Plaintiff was responsible for serving each defendant with a summons and a copy of the complaint case as provided by Rule 4(c) of the Federal Rules of Civil Procedure. He was required to make proper service on the defendants within 120 days of filing a complaint. *See*

---

[2]  Defendants contend that ASC is a division of Wells Fargo and not a separate legal entity. (*See* doc. 14 at 11 n. 1.)

Fed. R. Civ. P. 4(m). He were also required to file proof of service with the Court unless service was waived. *See* Fed. R. Civ. P. 4(l)(1). Proof consists of "the server's affidavit" if service was not effected by the United States Marshal or a deputy marshal. *Id.*

Where proper service is not made within 120 days of filing a complaint, an action is subject to *sua sponte* dismissal, without prejudice. Fed.R.Civ.P. 4(m). However, dismissal is not proper "if the plaintiff shows good cause for the failure" to properly effect service and a court should extend the time to serve the defendant. *Id.* The plaintiff bears the burden of showing good cause. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988). "To establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) (quoting *Peters v. U.S.*, 9 F.3d 344, 345 (5th Cir. 1993)). A plaintiff also may be required to show that the party to be served personally received actual notice of the lawsuit; the defendant would not suffer any prejudice by the court extending the 120-day deadline; and the plaintiff would be severely prejudiced if his complaint were dismissed. *Hickman v. U.G. Lively,* 897 F.Supp. 955, 959 (S.D. Tex. 1995) (citing *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)).

Here, more than 120 days have passed since Plaintiff filed his amended complaint, but he has not complied with Fed. R. Civ. P. 4(m) by timely serving First NLC and Deutsche and/or filing proof of valid service. Nor has he shown cause for his failure to serve these defendants or to file proof of service.

### III.  CONCLUSION

Plaintiff's claims against First NLC and Deutsche should be **DISMISSED** without prejudice for failure to comply with Fed. R. Civ. P. 4(m).

**SO RECOMMENDED**, this 20th day of January, 2015.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE