**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **THOMAS K. GIPSON,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:13-CV-4820-L** |
| | § | |
| **DEUTSCHE BANK NATIONAL TRUST COMPANY** ***as Trustee for Morgan Stanley Ixis Real Estate Capital Trust 2006-1 Mortgage Pass Through Certificates, Series 2006-1, et. al.,*** | § | |
| Defendants. | § | |

**ORDER**

This case was referred to Magistrate Judge Irma Carrillo Ramirez, who entered Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") (Doc. 34) on December 18, 2014, recommending that the court dismiss Plaintiff Thomas K. Gipson's ("Plaintiff") claims against Defendant Barrett Daffin Frappier Turner & Engel, LLP ("Defendant" or "BDFTE") because they are barred by the doctrine of qualified immunity.

On December 30, 2014, Plaintiff filed his Notice of Appeal (Doc. 35), which the court construes as Plaintiff's objections to the Report. Plaintiff contends that "Defendant BDFTE knew that the documents in their possession were fraudulent and that . . . they fraudulently and maliciously proceeded with the improper foreclosure of the Plaintiff's Property." Pl.'s Obj. 3. According to Plaintiff, his attorney informed Defendant BDFTE that the Defendants did not possess a legally obtained mortgage on Plaintiff's property. Pl.'s Obj. 2. Plaintiff cites cases in which Texas courts have held that "litigation immunity does not apply to alleged torts based on the attorney's fraudulent or malicious conduct." *Sacks v. Zimmerman*, 401 S.W.3d 336, 340 (Tex. App. Houston (14th

Dist.) 2013, pet. denied). Thus, according to Plaintiff, his claims against Defendant BDFTE are not barred by the doctrine of qualified immunity.

The same arguments in Plaintiff's objections were raised in his response to Defendant BDFTE's motion to dismiss, and, therefore, the magistrate judge addressed these arguments in her Report. The magistrate judge determined that "[r]epresenting a mortgage by initiating foreclosure proceedings and filing a foreclosure action against a defaulting homeowner clearly falls within scope of an attorney's duties in representing his client." Report 8 (citing *Smith v. Nat'l City Mortg.*, No. A-09-cv-881 LY, 2010 WL 3338537, at *4 (W.D. Tex. Aug. 23, 2010)).

Additionally, these specific allegations of fraud raised in Plaitniff's response to Defendant BDFTE's motion, and again in his objections, are not a part of his pleadings and therefore not properly before the court. Report 10 ("Plaintiff's new fraud allegations in his response are not part of the pleadings to be considered for purposes of the motion to dismiss."). The court notes that Plaintiff did not correct this deficiency in Plaintiff's Second Amended Verified Petition [sic] and Application for Temporary Restraining Order, and Third Request for Disclosure (Doc. 39) ("Second Amended Complaint"), filed January 16, 2015, or Plaintiff's Third Amended Verified Petition [sic] and Application for Temporary Restraining Order (Doc. 58) ("Third Amended Complaint"), filed March 23, 2015, which he filed after the magistrate judge issued her Report.

Notwithstanding these procedural defects, the magistrate judge concluded that, even liberally construing the pleadings, Plaintiff's allegations of fraud are conclusory and do not sufficiently support application of the fraud exception to the doctrine of qualified immunity. The court notes that, with respect to Plaintiff's claims against Defendant BDFTE, Plaintiff's Second Amended Complaint and Third Amended Complaint are essentially the same as Plaintiff's First Amended

Verified Original Petition and Application for Temporary Restraining Order, and Second Request for Disclosure (Doc. 25) ("Amended Complaint"), filed May 1, 2015, which is the pleading evaluated by the magistrate judge. In all three pleadings, Plaintiff only alludes to Defendant BDFTE's involvement and states the following:

> Plaintiff retained legal counsel in an effort to determine whether Defendants legally acquired a mortgage on his property. Despite several attempts by the Plaintiff's attorney to obtain the original note, original Deed of Trust and Assignment of Mortgage, Defendants never provided any proof that they had acquired a mortgage on plaintiff's property. In July 2013, Defendants filed suit in the 95th District Court to gain permission to foreclose on Plaintiff's property.

Pl.'s Third Am. Compl. ¶ 32; Pl.'s Sec. Am. Compl. ¶ 29; Pl.'s Am. Compl. ¶ 29.[*] According to the magistrate judge, Plaintiff "identifies no facts to support his allegation regarding BDFTE's knowledge," and he failed to meet the heightened pleading requirements of Federal Rule Civil 9(b). The court determines that the same is also true for Plaintiff's Third Amended Complaint. Ultimately, Plaintiff does not raise any arguments in his objections that have not already been addressed and rejected by the magistrate judge. For the same reasons articulated by the magistrate judge, the court **overrules** Plaintiff's objections.

The magistrate judge also concludes that Plaintiff should not be given any additional opportunities to amend, because "Plaintiff has amended his complaint once, and his allegations against BDFTE in his response have been considered, but he still fails to overcome the application of qualified immunity." Report 13. Subsequent to this Report, Plaintiff filed his Second Amended

---

[*] The court notes that Plaintiff alleges causes of action against "all Defendants," which presumably includes Defendant BDFTE. Plaintiff, however, never specifically mentions Defendant BDFTE, and the quoted excerpt above reflects Plaintiff's only attempt to allege specific facts against Defendant BDFTE. The court notes that Plaintiff may also be referring to Defendant BDFTE specifically when it alleges that "Defendants conspired to fraudulently foreclose on Plaintiff's property by submitting fraudulent documents thereby committing perjury and fraud upon the Court." Pl.'s Third Am. Compl. ¶ 80; Pl.'s Sec. Am. Compl. ¶ 77; Pl.'s Am. Compl. ¶ 76.

Complaint and Third Amended Complaint, and therefore received two additional opportunities to correct the deficiencies in his pleadings. Even considering these pleadings, he has not alleged any new facts with regards to his claims against BDFTE.

The court believes that Plaintiff has stated his "best case" and that he cannot improve upon or supplement the allegations as pleaded. Plaintiff has had multiple "bites at the apple," and "at some point a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). The court therefore concludes that Plaintiff cannot set forth sufficient allegations to state a claim upon which relief can be granted and that further attempts to amend would be futile. Accordingly, the court will not allow further amendment of Plaintiff's pleadings.

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the magistrate judge's findings and conclusions are correct, and **accepts** them as those of the court. Accordingly, the court grants Defendant Barrett Daffin Frappier Turner & Engel, LLP's Second Motion to Dismiss and **dismisses with prejudice** Plaintiff's claims against it.

**It is so ordered** this 4th day of May, 2015.

Sam A. Lindsay
United States District Judge