IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **THOMAS K. GIPSON,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:13-CV-4820-L** |
| | § | |
| **DEUTSCHE BANK NATIONAL** | § | |
| **TRUST COMPANY** *as Trustee for* | § | |
| *Stanley Ixis Real Estate Capital Trust* | § | |
| *Morgan 2006-I, Mortgage Pass Through* | § | |
| *Certificates, Series 2006-1, et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the court is Plaintiff's Motion for Summary Judgment and Request for Hearing (Doc. 63), filed April 3, 2015; and Moving Defendants' First Amended Motion to Dismiss Plaintiff's Third Amended Petition (Doc. 68), filed April 13, 2015.[*] This mortgage foreclosure case was brought by *pro se* Plaintiff Thomas K. Gipson ("Plaintiff") in state court on November 27, 2013, against several Defendants. The case was removed to federal court on December 10, 2013. Plaintiff's claims against a majority of Defendants were dismissed on May 4, 2015, and August 25, 2015. Moving Defendants' First Amended Motion to Dismiss Plaintiff's Third Amended Petition addresses the claims against the remaining Defendants.

On October 27, 2015, Magistrate Judge Irma Carrillo Ramirez entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 88)

---

[*] The motion to dismiss was filed by Defendants Deutsche Bank National Trust Company, as Trustee for Morgan Stanley Ixis Real Estate Capital Trust 2006-1, Mortgage Pass Through Certificates, Series 2006-1; Wells Fargo Bank, N.A. ("Wells Fargo"); and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Moving Defendants").

recommending that the court grant Moving Defendants' First Amended Motion to Dismiss Plaintiff's Third Amended Petition (Doc. 68) and deny as moot is Plaintiff's Motion for Summary Judgment and Request for Hearing (Doc. 63). The magistrate judge also recommended that Plaintiff not be allowed to further amend his pleadings. Plaintiff filed objections to the Report, to which Moving Defendants responded.

Having reviewed the motions, briefs, file, record in this case, the thorough and detailed Report addressing Plaintiff's numerous claims, and having conducting a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **concludes** that Plaintiff has failed to state claims upon which relief can be granted against Moving Defendants or lacks standing to assert certain claims, and dismissal of all of Plaintiff's claims and requests for relief against Moving Defendants is appropriate. The court further **concludes** that Plaintiff has pleaded his "best case" and that further attempts to amend would be futile and unnecessarily delay the resolution of this case. Accordingly, the court will not allow Plaintiff an opportunity to further amend his pleadings. *See Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

The court, therefore, **overrules** Plaintiff's objections; **grants** Moving Defendants' First Amended Motion to Dismiss Plaintiff's Third Amended Petition (Doc. 68); and **denies as moot** Plaintiff's Motion for Summary Judgment and Request for Hearing (Doc. 63). Plaintiff's claims against Moving Defendants challenging the assignment of his mortgage are **dismissed without prejudice** for lack of standing. All remaining claims by Plaintiff against Moving Defendants are **dismissed with prejudice** under Federal Rule of Civil Procedure 12(b)(6), including: claims based

on the "show me the note" theory and failure to record the transfer of the note; claims for alleged violations of the Texas Debt Collection Practices Act, Federal Debt Collection Practices Act, Truth in Lending Act, Home Ownership and Equity Protection Act, Equal Credit Opportunity Act, Racketeer Influenced and Corrupt Organizations Act; harassment and unreasonable collection efforts; common law fraud; breach of contract; unjust enrichment; wrongful foreclosure; predatory lending and perjury; conspiracy; mail fraud; securities fraud; income tax evasion; slander of title; defamation; and malicious prosecution.  The court also **denies** and **dismisses with prejudice** Plaintiff's request for a declaratory judgment, injunctive relief, an accounting, and attorney's fees. As previously noted, Plaintiff's claims against the remaining Defendants were previously dismissed on May 4, 2015, and August 25, 2015.  Accordingly, judgment will issue by separate document as required  by Federal Rule of Civil Procedure 58.

The court prospectively **denies** any motion by Plaintiff to proceed *in forma pauperis* on appeal and **certifies**, pursuant to Fed. R. App. P. 24(a)(3) and 28 U.S.C. § 1915(a)(3), that any such appeal is not taken in good faith.  Plaintiff, however, may challenge the denial by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court, United States Court of Appeals for the Fifth Circuit, within thirty days after service of the notice required by Fed. R. App. P. 24(a)(4). *See* Fed. R. App. P. 24(a)(5).

**It is so ordered** this 25th day of January, 2016.

Sam A. Lindsay
United States District Judge